228

5-1586                                    314 S. W. 2d 223

Opinion delivered June 16, 1958.

*Terral, Rawlings & Boswell,* for appellant.

*Howell, Price & Worsham,* for appellee.

Ed. F. McFaddin, Associate Justice. This case involves the custody of two little boys, Larry and Chris Songer. Mr. and Mrs. Songer were married in 1936, and had five children[1] before they were separated on May 4, 1955: Mrs. Songer became enamored of Mr. Halcumb. The five children, and their ages in 1957, are: Caroline Songer McNeill, a woman of full age; Tommy Songer, a boy aged 17; Larry Songer, a boy aged 10; Chris Songer, a boy aged about 5; and Cynthia Gale Songer, a girl of tender years.

---

[1] Mrs. Songer had a sixth child born after the separation. The custody of that child is not here involved.

On April 10, 1956 Mrs. Songer obtained a divorce; and the decree, insofar as refers to the custody and support of the children, provided:

"The custody of the minor children of the parties hereto is awarded to the plaintiff (Mrs. Songer), with the right of visitation of defendant (Mr. Songer) at reasonable times. Defendant shall pay $125.00 per month for the support and maintenance of Larry Songer, Chris Songer, and Cynthia Gale Songer, which sum shall be automatically reduced to $100.00 per month if and when the plaintiff remarries, and to $75.00 per month when Larry Songer is married, becomes of age, self-supporting, or ceases to live in the home of Jewel Songer, and when Chris Songer reaches such status it shall be reduced to $50 per month for the support of Cynthia Gale Songer."

On May 31, 1957 the foregoing custody order was modified so that Mr. Songer was given the custody of the two boys, Larry and Chris, for all of June, July, and August (except for the period from June 21st to June 29th) and with right of visitation afforded the mother.[2] On June 4, 1957 Mrs. Songer married the previously mentioned Mr. Halcumb, and we will refer to her as Mrs. Songer-Halcumb.

On August 15, 1957 Mr. Songer petitioned the Court for the full custody of the boys, Larry and Chris, with their mother, Mrs. Songer-Halcumb, to have the right of visitation. Trial on the issue of custody of Larry and Chris resulted in a decree refusing Mr. Songer his prayed relief; and from that decree there is this appeal.

At the outset it is admitted by all parties that the burden on Mr. Songer in the Chancery Court was twofold: (a) to show that it was for the best interests of the two boys, Larry and Chris, that the father have their custody; and (b) that a change of circumstances had come about since the entry of the custody order con-

[2] The monthly support payment for the boys was abated during June, July, and August.

tained in the divorce decree of April, 1956. In *Thompson* v. *Thompson*, 213 Ark. 595, 212 S. W. 2d 8, Mr. Justice ROBINS stated the law:

"While any order as to custody of a child is subject to future modification by the court making it, the rule, uniformly adhered to by us, is that before such modification may be made it must be shown that after the making of the original order, there has been such a change in the situation as to require, in the interest of the minor, the change to be made, or it must be shown that material facts affecting the welfare of the child were unknown to the court when the first order was made."

To recount all the evidence in this case would present a rather sordid picture and would serve no useful purpose. To discharge the two-fold burden resting on him as aforesaid, Mr. Songer showed, *inter alia*: (a) that Mrs. Songer had married Mr. Halcumb, the man who had disrupted the Songer home; (b) that Mrs. Songer-Halcumb worked, away from home, from 7:15 in the morning until 3:45 in the afternoon and it was necessary to leave the children with someone during all of such absence; (c) and that Mr. Songer had married a fine Christian lady who did not work and who testified that she wanted the two Songer boys in her home and that she would look after them and provide them with every possible care.

Mr. Songer also testified that on May 31, 1957, he saw Mrs. Songer-Halcumb's car, with three of the Songer children in it parked, in front of a beer joint on East Ninth Street in Little Rock; and that Mr. Halcumb and Mrs. Songer-Halcumb came out of the beer joint and got in a fight; that Larry and Chris Songer got out of the car screaming and crying; and that Tommy Songer got out of the car and had an encounter with Mr. Halcumb. Mrs. Songer-Halcumb took the witness stand; and did not deny this testimony. Mr. Halcumb — although present in Court — did not testify, either to deny the brawl incident or to say that he wanted the two children, Larry and Chris, in his home. Furthermore, it was

shown that the two older Songer children (the daughter, Caroline Songer McNeill, and Tommy Songer) have become hostile to their father. We apprehend that if these two little boys, Larry and Chris, remain in the Halcumb home they will be encouraged to develop a like hostility toward their father, who is shown to be devoted to them and to be a regular church attendant. An unfortunate situation envelops the two Songer children, Larry and Chris; but under all the circumstances, we hold that the father, Mr. Songer, is entitled to their care and custody, with the mother to have the rights of visitation.

The lower Court awarded Mrs. Songer-Halcumb $100.00 for attorneys' fee. We also reverse that portion of the decree; but we hold that the costs of both Courts should be equally divided.

The cause is remanded to reinvest the Chancery Court with jurisdiction to enter and enforce a decree in keeping with our holding herein.

ROBINSON, J., dissents.